## HOUSTON & TEXAS CENT'L R'Y CO. V. LOUIS GILMORE.

IN SUPREME COURT, TYLER TERM, 1884.

*Negligence—Fellow Servants.*—Where the injury is occasioned by the negligence of the fellow-servants of the injured party, an action will not lie against the common employer, unless it be shown that due care was not exercised in the selection and retention of the employes whose negligence caused the injury.

*Same—Charge.*—Where there was no evidence tending to show a want of due care in the selection or retention of the employes of a railroad company it was a reversible error to give a charge upon that issue.

Appeal from Grayson county.

If the injury of which the appellee complains resulted from the negligence of the person who was in charge of the engine, or from the negligence of those who made up the train, he was not entitled to recover, even though his own negligence may not have contributed to the injury, for such persons were his fellow-servants.

There was no evidence tending to show that the appellant had not exercised due care in the selection of employes who were engaged in the common employment with the appellee ; nor that it had in any respect been negligent in keeping in its service any employe who was subsequent to his employment found unfit for the service. On the contrary, the uncontradicted evidence shows that the other employes were well qualified for the service in which they were employed.

Such being the state of the evidence, we are of the opinion that the court should not have instructed the jury as to the duty of the appellant in the selection and retention of employes. A part of the charge was calculated to impress upon the mind of the jury the idea that there was an issue before them as to whether the appellant had exercised due care in the seleciton of employes with whom the appellee was engaged in the common service, and as to whether the appellant had exercised due care in retaining in its service such employes after notice of their unfitness. Such a charge in the absence of facts on which such issues could be made, was calculated to mislead the jury, and should not have been given.

Thompson v. Shannon, 9 Tex., 536; Andrews v. Marshall, 26 Tex., 212; Cravens v. Wilson, 48 Tex., 324; Lee v. Hamilton, 12 Tex., 14;

Hampton v. Dean, 4 Texas 455; Hancock v. Horan, 15 Texas, 507; Earle v. Thomas, 14 Tex., 583; Hutchins v. Masterson, 46 Tex., 551.

It cannot be known in the present state of the record what effect the charge, though abstractly correct, so far as it went, may have had on the jury ; the issue, to which this part of the charge was directed, had there been evidence to raise it, would have been under the evidence in the case of the greatest importance, and we cannot say that the charge of the court may not have induced the jury to believe that in the opinion of the court there was evidence upon which they might determine that issue.

The fact that counsel for appellant subsequently asked a charge which would with the charge of the court referred to, have presented the law on the issue fully, cannot affect the question ; for if it was not the right of the appellant to have the law on the issue fully presented, after it has been in part presented by the court, when there was no evidence to support it, such course would not amount to a waiver of the error.

The residue of the charge of the court presents the law of the case, on other questions, fairly to the jury so far as it goes.

For the errors noticed the judgment will be reversed and the cause remanded.

Stayton, J.